IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**STACEY BASCOM**                                                                                             **PLAINTIFF**

**VERSUS**                                                        **CAUSE NO.**

**CHAWLA HOTELS INC., DINESH CHAWLA,**
**CHAWLA MANAGEMENT, INC., CHAWLA POINTE LLC,**
**LYRIC HOTEL WEST END ASCEND HOTEL COLLECTION,**
**CHAWLA HOSPITALITY, INC. d/b/a COMFORT INN,**
**ECONO LODGE, RODEWAY INN**                                          **DEFENDANTS**

## NOTICE OF REMOVAL

Defendants, Chawla Hotels Inc., Dinesh Chawla, Chawla Management, Inc., Chawla Pointe LLC, Lyric Hotel West End Ascend Hotel Collection, Chawla Hospitality, Inc.. d/b/a Comfort Inn, & Econo Lodge, Rodeway Inn (hereinafter Defendants) files this their Notice of Removal of the cause described below from the Circuit of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and states as follows:

### I. JURISDICTION AND VENUE

1. The above styled action was originally commenced by the Plaintiff, Stacey Bascom, on or about August 12, 2022, by the filing of a Complaint in the Circuit Court of Shelby County, Tennessee, styled "Stacey Bascom vs. Chawla Hotels Inc., Dinesh Chawla, Chawla Management, Inc., Chawla Pointe Llc, Lyric Hotel West End Ascend Hotel Collection, Chawla Hospitality, Inc. d/b/a Comfort Inn, Econo Lodge, Rodeway Inn" bearing Cause No. CT-3309-22.

2. This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446.

3.     The United States District Court for the Western District of Tennessee, is the proper venue for this matter since the matter is removed from the Circuit Court of Shelby County, Tennessee.

4.     Thirty (30) days or less, as calculated under applicable law has elapsed since the removing Defendants were served with process in this matter, and this removal has been accomplished within one (1) year after commencement of the action so as to be timely within the provisions of 28 U.S.C. § 1446(b).

## II. DIVERSITY OF CITIZENSHIP AND JURISDICTION

5.     This action is properly removed to this Court pursuant to 28 U.S.C. §1332, and 28 U.S.C. § 1441, since the named Defendants to this matter are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  See Exhibit A- Demand letter of Bascom.

### A.  The Parties

6.     At the time of the filing of the Complaint and at all times pertinent to this removal, Plaintiff, Stacey Bascom, is an adult resident citizen of Brookland, Craighead County, Arkansas.

7.     At the time of the filing of the Complaint pertinent to this removal, Defendant Dinesh Chawla is an adult resident citizen of Bolivar County, Mississippi.

8.     At the time of the filing of the Complaint pertinent to this removal, Defendant Chawla Hotels Inc., is a Mississippi company. However, as shown herein, Plaintiff has no possible reasonable basis for recovery against Chawla Hotels, Inc.

9.     At the time of the filing of the Complaint pertinent to this removal, Defendant,

Chawla Management, Inc., is a Mississippi company. However, as shown herein, Plaintiff has no possible reasonable basis for recovery against Chawla Management, Inc.

10. At the time of the filing of the Complaint pertinent to this removal, Defendant, Chawla Pointe LLC, is a Mississippi company. However, as shown herein, Plaintiff has no possible reasonable basis for recovery against Chawla Pointe LLC.

11. At the time of the filing of the Complaint pertinent to this removal, Defendant, Lyric Hotel West End Ascend Hotel Collection, is a Mississippi company. However, as shown herein, Plaintiff has no possible reasonable basis for recovery against Lyric Hotel West End Ascend Hotel Collection.

12. At the time of the filing of the Complaint pertinent to this removal, Defendant, Chawla Hospitality, Inc. d/b/a Comfort Inn, is a Mississippi company. However, as shown herein, Plaintiff has no possible reasonable basis for recovery against Chawla Hospitality, Inc. d/b/a Comfort Inn.

13. At the time of the filing of the Complaint pertinent to this removal, Defendant, Econo Lodge, is a Mississippi company. However, as shown herein, Plaintiff has no possible reasonable basis for recovery against Econo Lodge.

14. At the time of the filing of the Complaint pertinent to this removal, Defendant, Rodeway Inn, is a Mississippi company. However, as shown herein, Plaintiff has no possible reasonable basis for recovery against Rodeway Inn.

15. No other parties have been served with the Complaint in this matter and therefore, no consent for removal is needed to be obtained.

B. Amount in Controversy

16. The amount in controversy, as set forth in Plaintiffs' Complaint, exceeds

$75,000.00, exclusive of costs and interests since Plaintiff seeks relief with regard to medical and related expenses in an amount to be determined by proof at trial; general damages in excess of $25,000.00, punitive damages, lawful interest, attorney fees, cost of suit, and any other and further relief.  Plaintiff contends that the damages she is entitled to in this matter and which she is seeking in this matter exceed $75,000.00 as evidenced by a demand letter provided.  See Exhibit A.

17.     Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 since it is a civil action between citizens of different states with the amount in controversy in excess of $75,000.00, exclusive of costs and interest, and this action is thereby removed to this Court pursuant to 28 U.S.C. § 1441. *Hayes v. Equitable Energy Resource Co.*, 266 F. 3d 560 (2001).

18.     A copy of all pleadings previously filed in the Circuit Court of Shelby County, Tennessee action and served on the removing Defendants are attached hereto as Exhibit B.

19.     Pursuant to 28 U.S.C. § 1446, Plaintiff, is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Shelby County, Tennessee.

20.     Pursuant to the provisions of 28 U.S.C. § 1446, there should be no further proceedings in the Circuit Court of Shelby County, Tennessee.

21.     Based on the foregoing, Defendants, requests this Court to properly assume full jurisdiction over this matter as provided by law.

THIS The 20th day of September, 2022.

Respectfully submitted,

Dinesh Chawla

By: */s/ Oliver E. Clark, Jr.*
Oliver E. Clark, Jr. (BPR No. 031644)

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I mailed via United States Mail, postage fully prepaid, a true and correct copy and foregoing instrument to:

Stacey Bascom
Plaintiff *pro se*
502 Vine St.
Poplar Bluff, MO 63901

Temika D. Gipson
Shelby County Circuit Clerk
140 Adams Ave., Rm. 324
Memphis, TN 38103

This the 20th day of September, 2022.

*/s/Oliver E. Clark, Jr.*
Oliver E. Clark, Jr.