IN THE CIRCUIT COURT OF SHELBY COUNTY
STATE OF TENNESSE

FILED
AUG 12 2022
Tomiika D. Gipson
CIRCUIT COURT CLERK
BY_____ D.C.

| | | |
|---|---|---|
| STACEY BASCOM<br><br>Plaintiff,<br><br>Vs.<br><br>CHAWLA HOTELS INCORPORATED,<br>3090 Highway 82 E<br>Greenville, MS, 38703-8220<br>(662) 332-5800<br><br>and<br><br>DINESH CHAWLA,<br>P.O. Box 1701<br>Greenwood, MS 38930<br>(662) 453-1822<br><br>3090 Highway 82 E<br>Greenville, MS, 38703-8220<br><br>808 N. Davis Ave.<br>Cleveland, MS 38732<br><br>807 N. Davis Ave.<br>Cleveland, MS 38732<br><br>deltamotels@yahoo.com<br><br>and<br><br>CHAWLA MANAGEMENT, INC.,<br>912 N. Davis Avenue<br>Cleveland, MS 38732<br>(662) 846-2915<br><br>and<br><br>CHAWLA POINTE L.L.C.,<br>523 Fredrick Drive<br>Cleveland, MS 38732<br>(662) 402-7169 | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. CT-3309-22<br><br>Civil Division No. VII<br><br><br>JURY TRIAL DEMANDED<br><br><br><br>INVASION OF PRIVACY &<br>INFLICTION OF EMOTIONAL DISTRESS |


EXHIBIT A

|  |  |
|---|---|
| and | § |
|  | § |
| **LYRIC HOTEL WEST END,** | § |
| **ASCEND HOTEL COLLECTION** | § |
| 1300 Highway 8 West | § |
| Cleveland, MS, 38732 | § |
| (662) 441-3901 | § |
|  | § |
| and | § |
|  | § |
| **CHAWLA HOSPITALITY, INC,** | § |
| **DBA COMFORT INN,** | § |
| 818 S. State St. | § |
| Clarksdale, MS 38614-4804 | § |
| (662) 453-1822 | § |
|  | § |
| and | § |
|  | § |
| **ECONO LODGE,** | § |
| 3080 Hwy 82 E | § |
| Greenville, MS 38703 | § |
| (662) 378-4976 | § |
|  | § |
| and | § |
|  | § |
| **RODEWAY INN,** | § |
| 137 N. Walnut St. | § |
| Greenville, MS 38701 | § |
| 200 Cedar Street | § |
| (662) 332-0508 | § |
|  | § |
| **Defendants.** | § |

## PETITION

COMES NOW Plaintiff, Stacey Bascom, and, for her cause of action against Defendants, states and alleges as follows:

1. Plaintiff, Stacey Bascom, is an individual of full age and majority and is now, and at all times mentioned in this petition was, a resident of the City of Brookland, County of Craighead, Arkansas;

2. Upon information and belief, Defendants, Chawla Management, Inc., Chawla Pointe L.L.C., Lyric Hotel West End Ascend Hotel Collection, Chawla Hospitality, INC DBA Comfort Inn, Econolodge, Rodeway Inn, And Chawla Hotels Incorporated, (collectively hereinafter Business Defendants) are fictitious businesses, businesses, LLCs, PCs, DBAs and/or corporations duly chartered organized and existing under the laws of the State of Mississippi and are/were situated in the State of Mississippi;

3. Upon information and belief, during all relevant times herein, said Business Defendants, their agents, servants, and/or employees, supervised, managed, and controlled and/or were controlled by Dinesh Chawla and were and are located in the State of Mississippi.

4. Upon information and belief, said Business Defendants were at all times mentioned herein engaged in owning, operating, maintaining, managing and doing business as said Business Defendants. All of the acts complained of in this Complaint by Plaintiff against said Business Defendants and Dinesh Chawla were done and performed by said Business Defendants and Dinesh Chawla by and through their authorized agent, servant, manager, owner, CEO, self, and/or employee, Dinesh Chawla, who at all relevant times were acting within the course, purpose and scope of that said agency etc. capacity on behalf of all Defendants herein. Moreover, all Defendants herein and their said agents etc. ratified all of the acts of which complaint is made.

5. Upon information and belief, in doing the acts and/or failing and/or omitting to act as described below, Dinesh Chawla was acting on the implied and/or with the actual permission and consent of said Business Defendants. At all relevant times, Dinesh Chawla, was a duly appointed agent, employee and/or representatives of the said

Business Defendants, acting in the course and scope of his said employment, representation, and/or agency etc. of the said Business Defendants.

6. Upon information and belief, Defendant, Dinesh Chawla, is now, and at all times mentioned in this petition was, a resident of Mississippi.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties because the claims complained of herein arise out of conduct that occurred within the City of Memphis, County of Shelby, State of Tennessee, the amount in controversy exceeds the minimum jurisdictional requirements, and the matters complained of herein constitute a civil matter, Tenn. Code Ann. § 16-10-101.

8. Venue is proper in the County of Shelby, because all conduct complained of herein occured in Shelby County;

## INTRODUCTION

9. This is a civil action to redress Plaintiff Stacey Bascom's special damages, severe mental injuries, and her privacy rights violation, all of which are derived from Defendant Dinesh Chawla stealing her suitcase, which contained travel and invaluable vacation items, from the Memphis International Airport luggage pick-up conveyor while he was traveling for and representing said Defendant Businesses.

10. Plaintiff seeks to enjoin the Defendants' said behavior, as well as obtain special, compensatory and/or punitive damages, attorneys' fees, costs, judicial interest, and any other form of relief to which this Court finds that Plaintiff is entitled.

## GENERAL FACTS

11. On or about August 18, 2019, Defendant Dinesh Chawla, (hereinafter Defendant) while traveling for business and acting individually and acting on behalf of said Business Defendants, stole a suitcase (hereinafter Theft) belonging to Plaintiff Stacey Bascom (hereinafter Ms. Bascom) from Memphis International Airport luggage pick-up conveyor;

## COUNT I – Intentional Infliction of Emotional Distress

12. Ms. Bascom incorporates all allegations in paragraphs 1 through 11, as if set forth fully herein.

13. The said Theft was intentional or reckless, because on or about August 22, 2019 the Defendant stated himself : that he did steal Ms. Bascom's suitcase on or about August 18, 2019; he stole another suitcase belonging to a different individual about a month earlier; he had been in the habit of stealing luggage from the said airport for a long time before August 18, 2019; he has discarded various other suitcase he had stolen from the said airport earlier; he knew stealing suitcases was wrong; and he stole suitcases for the thrill and excitement of stealing suitcases. Also, both Ms. Bascom's suitcase and the one that the Defendant stole a month earlier were recovered from the defendant's vehicle on or about August 22, 2019;

14. Ms. Bascom had a very big beautifully colored conch shell that her husband found for her while he was snorkeling on vacation in the Cayman Islands in the suitcase that the Defendant stole from her. This said shell was Ms. Bascom's most

prized possession from all of her vacations, because it was the only shell that she or her husband found in the Caymen Islands after looking for days;

15.     Ms. Bascom had personal items in her luggage that she would not want anyone other than her husband to see and, especially, not touch;

16.     The said Theft is so extreme and outrageous that it is not tolerated by civilized society, because continuous/repetitive intentional theft of luggage while deliberately targeting a known emotional sensitivity of invading Ms. Bascom's privacy and taking her treasured souvenirs that she obtained from a trip of a lifetime along with her private items just for the thrill and excitement of it far exceeds common decency and cannot be tolerated by any society;

17.     The said Theft has resulted in Ms. Bascom's serious mental injury, because the constant and prolonged thought of losing her prized possessions and having her privacy invaded has caused her: physiological manifestations of emotional distress, including but not limited to, nausea, vomiting, headaches, and the like; psychological manifestations of emotional distress, including but not limited to sleeplessness, depression, anxiety, crying spells, emotional outbursts, nightmares, alcohol abuse, and unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry; significant impairment of her daily functioning, such as, including but not limited to, the inability to wash dishes, do laundry, cook, enjoy entertainment, read for long periods, water the lawn, do yard /garden work, and the loss of concentration for extended periods of time; and, in this instance, the extreme and outrages character of the defendant's said Theft itself has caused Ms. Bascom serious mental injury;

18. The said symptoms of emotional distress that Ms. Bascom was forced to incurred due to the Defendant's said theft were extremely intense and continued for a prolonged period of time.

19. As a direct and proximate result of the intentional infliction of emotional distress described above, Ms. Bascom sustained or will sustain the following serious injuries and damages: mental anguish; emotional distress; permanent impairment/disability; and pain and suffering;

## COUNT II – Invasion of Privacy - Unreasonable Intrusion Upon Seclusion

20. Plaintiff incorporates all allegations in paragraphs 1 through 19, as if set forth fully herein.

21. The Defendant invaded Ms. Bascom's Right to Privacy by intentionally and physically intruding upon her solitude, seclusion and/or her private affairs or concerns by stealing her suitcase, in which she had a reasonable expectation of privacy, and going through her private and personal belongings in her suitcase, which is highly offensive to any reasonable person;

22. Ms. Bascom was highly offended by the said invasion of privacy, because she has continued thoughts of a stranger going through her private items and mutilating her undergarments;

23. Ms. Bascom had a reasonable expectation of privacy in her suitcase, because societal norms and/or laws do not allow strangers to go through anyone's private items in their closed suitcase;

24. As a direct and proximate result of the invasion of privacy described above, Ms. Bascom sustained or will sustain the following serious injuries and damages: mental anguish; emotional distress; permanent impairment/disability; and pain and suffering;

25. In committing the intentional infliction of emotional distress and the invasion of privacy described above, the Defendant acted with malice and reckless indifference, which entitles Plaintiff to an award of punitive damages against all Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows: A preliminary and permanent injunction to prevent the Defendant Dinesh Chawla from stealing luggage and invading the privacy of others; Medical and related expenses in an amount to be determined by proof at trial; General damages in excess of $25,000.00 in a specific amount to be determined by proof at trial; Punitive damages; Lawful interest; Attorney Fees; Costs of suit; and any other and further relief that the court considers proper.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Respectfully submitted by,

Stacey A. Bascom
Plaintiff Pro Se
Mailing Address
502 Vine St.
Poplar Bluff, MO 63901
Phone (573) 785-4878
Fax (573) 785-2886