IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

STACEY BASCOM,                  )
                                )
    Plaintiff,                  )
                                )
v.                              )     No. 22-cv-2630-MSN-tmp
                                )
CHAWLA HOTELS INC., et al.      )
                                )
    Defendants.                 )
_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a motion to remand filed by *pro se* plaintiff Stacey Bascom, and a motion to dismiss filed by defendants Chawla Hotels Inc.; Dinesh Chawla; Chawla Management, Inc.; Chawla Pointe, L.L.C.; Lyric Hotel West End, Ascend Hotel Collection; Chawla Hospitality, Inc., d/b/a Comfort Inn; Econo Lodge; and Rodeway Inn (collectively "defendants").[1] (ECF Nos. 6, 7, 8.) For the reasons below, it is recommended that the motion to remand be granted and that the motion to dismiss be denied as moot and without prejudice.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

## I. PROPOSED FINDINGS OF FACT

According to the *pro se* complaint, on August 18, 2019, defendant Dinesh Chawla stole a suitcase belonging to Stacey Bascom from baggage claim at Memphis International Airport. (ECF No. 11-1 at PageID 43.) Her suitcase contained a "very big beautifully colored conch shell that her husband found for her while he was snorkeling on vacation in the Cayman Islands." (Id.) This shell was Bascom's "most prized possession from all of her vacations, because it was the only shell that she or her husband found in the Cayman Islands." (Id. at PageID 44.) Bascom also had "personal items" in her suitcase "that she would not want anyone other than her husband to see and, especially, not to touch." (Id.) After the theft, Bascom had continued thoughts of "a stranger going through her private items and mutilating her undergarments." (Id. at PageID 45.) Four days later, on August 22, 2019, Bascom's suitcase and another stolen suitcase were recovered from Chawla's car. (Id. at PageID 43.) Bascom claims that Chawla admitted to stealing the suitcase and explained that "he stole suitcases for the thrill and excitement of stealing suitcases." (Id.) Bascom alleges that the theft caused her "serious mental injury" resulting in "physiological manifestations of emotional distress, including . . . nausea, vomiting, headaches, . . . psychological manifestations of emotional distress, including . . . sleeplessness, depression,

anxiety, crying spells, emotional outbursts, nightmares, alcohol abuse, and unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry," and impairment to her ability to function. (Id. at PageID 44.)

On July 22, 2022, Bascom's husband, Richard J. Bascom, who is an attorney, sent a letter to Chawla that stated, "[p]lease be advised that my wife and I were victims [of] your luggage thefts for which you were arrested on August 22, 2019." (ECF No. 1-1.) He claimed that "[a]t trial . . . evidence will be introduced of my wife's panties' crotches being mutilated by you, which has caused her to have well documented severe emotional distress." (Id.) The letter ends with a settlement demand of $250,000. Although this letter was written on Richard Bascom's law firm's stationary, he did not state that he was writing the letter as Stacy Bascom's lawyer or on her behalf. (Id.)

On August 12, 2022, Stacey Bascom filed a *pro se* complaint in the Circuit Court of Shelby County, Tennessee, bringing state claims of intentional infliction of emotional distress and invasion of privacy. (ECF No. 11-1.) She sought medical expenses, general damages "in excess of $25,000," punitive damages, attorney's fees, and costs. (Id.) On September 20, 2022, defendants filed a notice of removal with this court, claiming that diversity

jurisdiction exists. (ECF No. 1.) However, instead of attaching the state court complaint, defendants attached the demand letter sent by Bascom's husband, seeking $250,000. (ECF No. 1-1.) On September 26, 2022, defendants filed a motion to dismiss, arguing for dismissal of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 6-7.) Bascom responded on September 29, 2022, and defendants replied on October 5, 2022. (ECF Nos. 9, 12.)

In the meantime, Bascom filed an amended complaint in Circuit Court on September 21, 2022, which limited the total damages to an amount between $25,000 and $75,000. (ECF No. 8-1.) On September 29, 2022, she filed a motion to remand to state court. (ECF No. 8.) Bascom argues that diversity jurisdiction does not exist because her complaint did not explicitly seek over $75,000 and "the whole case is based on damages incurred from the theft, conversion, and/or detention of and damage to property of the plaintiff's, which consisted of one full suitcase." (ECF No. 8 at PageID 16.) On October 5, 2022, defendants filed a response opposing the motion, arguing that the demand letter shows that the amount in controversy is "more likely than not" in excess of $75,000. (ECF No. 11 at PageID 37.)

## II.  PROPOSED CONCLUSIONS OF LAW

"[A]ny civil action brought in a State court of which the

- 4 -

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]" 28 U.S.C. § 1441. "Ordinarily, a defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." Strong v. Telectronics Pacing Sys., Inc., 78 F.3d 256, 259 (6th Cir. 1996). In removing an action to federal court, "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." Shupe v. Asplundh Tree Expert Co., 566 F. App'x 476, 478 (6th Cir. 2014) (quoting Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006)). "The guiding principle in this Court's review is that the removal statute 'should be strictly construed and all doubts resolved in favor of remand.'" Combs v. Davey Tree Expert Co., No. 21-79-DLB, 2022 WL 988363, at *2 (E.D. Ky. Mar. 31, 2022) (quoting Eastman, 438 F.3d at 550).

In their Notice of Removal, defendants cite diversity of citizenship under 28 U.S.C. § 1332 as the basis for this court's jurisdiction. (ECF No. 1.) Pursuant to § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (internal citations omitted).

"In the Sixth Circuit, it is generally agreed that the amount [in] controversy is determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" Fed. Nat'l Mortg. Ass'n v. Jaa, No. 14-2065-STA-dkv, 2014 WL 1910898, at *5 (W.D. Tenn. May 13, 2014) (quoting Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376-77 (6th Cir. 2007)). "Courts discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations." Thornton v. Comerica Bank, 510 F. App'x 439, 440 (6th Cir. 2013). "In its review, the court may 'look beyond the pleadings to assess challenged facts,' including affidavits and documents." Combs, 2022 WL 988363, at *2 (quoting Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007)). The defendant bears the burden of showing that it is "more likely than not" that the plaintiff is "entitled to a recovery of at least $75,000.01" should they be successful in proving their legal claims. Heyman v. Lincoln Nat'l Life Ins. Co., 781 F. App'x 463, 470 (6th Cir. 2019).

Although a settlement demand may be "*some* evidence of the

amount in controversy, it is still true that the amount that a party demands to settle a case is not especially strong evidence of the amount in controversy." Combs, 2022 WL 988363, at *2 (quoting Smith v. Phillips & Jordan, Inc., No. 10-134-ART, 2011 WL 250435, at *2 (E.D. Ky. Jan. 24, 2011) (emphasis in original) (internal quotations omitted)). "After all, highballing the initial settlement demand is negotiation 101." Combs, 2022 WL 988363, at *2 (quoting May v. Wal-Mart Stores, 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010)).

It is undisputed that the parties are diverse: Bascom is a citizen of Arkansas, Chawla is a citizen of Mississippi, and the corporate defendants are Mississippi corporations.[2] (ECF No. 1 at PageID 2-3.) However, the parties disagree as to whether the amount in controversy exceeds $75,000. Bascom's initial state court complaint sought "Medical and related expenses in an amount to be determined by proof at trial; General damages in excess of $25,000.00 in a specific amount to be determined by proof at trial, Punitive damages, Lawful interest; [and] Attorney Fees[.]"[3] (ECF

---

[2] In the Notice of Removal, defendants state that "Plaintiff has no possible reasonable basis for recovery" against any of the corporate defendants. (ECF No. 1 at PageID 2-3).

[3] Although Bascom filed an amended complaint that expressly limited her possible recovery to $75,000, (ECF No. 8-1), this post-removal amendment to her complaint would have no bearing on whether removal was proper. See Rogers v. Wal-Mart Stores, 230 F.3d 868, 872 (6th

No. 11-1 at PageID 46.) In their Notice of Removal, defendants claim that Bascom seeks damages in an amount exceeding $75,000 because her husband sent a demand letter seeking $250,000. (ECF No. 1 at PageID 4.) Bascom argues the demand letter relied on by the defendants was sent by a "non-party" and thus, the demand is not reflective of the amount in controversy. (ECF No. 8 at PageID 17.) She claims that she did not demand a specific dollar amount in her original complaint, but simply sought an amount more than the Circuit Court's jurisdictional amount of $25,000. (Id. at PageID 16.) Further, she asserts that the amount in controversy is not likely to exceed $75,000 because this case is based on the theft of a single suitcase for a four-day period. (Id.)

The undersigned acknowledges that courts have held, in certain circumstances, that the amount in controversy requirement can be satisfied where an initial settlement demand exceeds $75,000. See, e.g., Hunt as Next Friend of D.W. v. Frank, No. 1:20-cv-00035-GNS, 2020 WL 1816065, at *2 (W.D. Ky. Apr. 9, 2020) (finding settlement offer of $79,250 coupled with requests for

---

Cir. 2000) (holding post-removal stipulations to limit damages to less than the statutory amount cannot defeat diversity jurisdiction because jurisdiction is determined at the time of removal) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.")).

damages and attorney's fees demonstrated by a preponderance of the evidence that the amount in controversy exceeded $75,000); Intellitronix Corp. v. Fraker, No. 1:19CV966, 2019 WL 13145626, at *3 (N.D. Ohio Jun. 24, 2019) (finding a demand letter that stated, "gross profit dropped approximately $600,000.00" and that "[t]he company lost money and took an approximate $1,000,000.00 hit on its net income" established by a preponderance of the evidence that the amount in controversy exceeded $75,000). However, the demand letter in this case does not convince the court that the jurisdictional amount has been met. This letter was written by Bascom's husband (not a party to this lawsuit) who in the letter claimed that he was also a victim of the luggage theft. Although he is a lawyer, he did not claim that he was writing in a representative capacity or that Stacey Bascom had approved the demand letter. Additionally, the demand letter includes more serious allegations than those that were included in the complaint, which might account for the difference in the demand amounts. For these reasons, the undersigned does not find this demand letter shows, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Bascom's complaint does not explicitly seek an amount exceeding $75,000. Her lawsuit centers around the theft of a single suitcase for a four-day period. On the face of the complaint, there is nothing to suggest that the

amount in controversy exceeds $75,000.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the motion to remand be granted. Furthermore, because the court lacks federal subject matter jurisdiction, the undersigned need not reach the merits of the motion to dismiss and recommends that it be denied as moot and without prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 19, 2022
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**