IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

STACEY BASCOM,                )
                              )
    Plaintiff,                )
                              )
v.                            )       No. 22-cv-2630-MSN-tmp
                              )
CHAWLA HOTELS INC., et al.    )
                              )
    Defendants.               )
_____

REPORT AND RECOMMENDATION
_____

Before the court is a Motion for Sanctions of Defendant's Counsel for Failure to Provide Notice and Right to Consent to Jurisdiction by Magistrate Judge as Mandated by Local Rule 72.1 and 28 U.S.C. § 1446(a) and Request for Judgment on this Pleading, filed by *pro se* plaintiff Stacey Bascom.[1] (ECF No. 17.) For the reasons below, it is recommended that the motion be denied.

I.   PROPOSED FINDINGS OF FACT

According to the *pro se* complaint, on August 18, 2019, defendant Dinesh Chawla stole a suitcase belonging to Stacey Bascom

___

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

from baggage claim at Memphis International Airport. (ECF No. 11-1 at PageID 43.) Her suitcase contained a "very big beautifully colored conch shell that her husband found for her while he was snorkeling on vacation in the Cayman Islands." (Id.) This shell was Bascom's "most prized possession from all of her vacations, because it was the only shell that she or her husband found in the Cayman Islands." (Id. at PageID 44.) Bascom also had "personal items" in her suitcase "that she would not want anyone other than her husband to see and, especially, not to touch." (Id.) After the theft, Bascom had continued thoughts of "a stranger going through her private items and mutilating her undergarments." (Id. at PageID 45.) Four days later, on August 22, 2019, Bascom's suitcase and another stolen suitcase were recovered from Chawla's car. (Id. at PageID 43.) Bascom claims that Chawla admitted to stealing the suitcase and explained that "he stole suitcases for the thrill and excitement of stealing suitcases." (Id.) Bascom alleges that the theft caused her "serious mental injury" resulting in "physiological manifestations of emotional distress, including . . . nausea, vomiting, headaches, . . . psychological manifestations of emotional distress, including . . . sleeplessness, depression, anxiety, crying spells, emotional outbursts, nightmares, alcohol abuse, and unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin,

disappointment, and worry," and impairment to her ability to function. (Id. at PageID 44.)

On August 12, 2022, Stacey Bascom filed a *pro se* complaint in the Circuit Court of Shelby County, Tennessee, bringing state claims of intentional infliction of emotional distress and invasion of privacy against defendants Chawla Hotels Inc.; Dinesh Chawla; Chawla Management, Inc.; Chawla Pointe, L.L.C.; Lyric Hotel West End, Ascend Hotel Collection; Chawla Hospitality, Inc., d/b/a Comfort Inn; Econo Lodge; and Rodeway Inn (collectively "defendants"). (ECF No. 11-1.) She sought medical expenses, general damages "in excess of $25,000," punitive damages, attorney's fees, and costs. (Id.) On September 20, 2022, defendants filed a notice of removal with this court, claiming that diversity jurisdiction exists. (ECF No. 1.) However, instead of attaching the state court complaint, defendants attached a demand letter sent by Bascom's husband, seeking $250,000. (ECF No. 1-1.) On September 26, 2022, defendants filed a motion to dismiss, arguing for dismissal of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 6-7.)

In the meantime, Bascom filed an amended complaint in Circuit Court on September 21, 2022, which limited the total damages to an amount between $25,000 and $75,000. (ECF No. 8-1.) On September 29, 2022, she filed a motion to remand to state court. (ECF No.

8.) On October 5, 2022, defendants filed a response opposing the motion, arguing that the demand letter shows that the amount in controversy is "more likely than not" in excess of $75,000. (ECF No. 11 at PageID 37.) On October 19, 2022, the undersigned entered a Report and Recommendation, recommending that the Motion to Remand be granted and the Motion to Dismiss be denied as moot and without prejudice. (ECF No. 15.) On November 1, 2022, defendants objected to the Report and Recommendation, which remains pending. (ECF No. 16.)

On November 3, 2022, Bascom filed the present motion asking the court to impose sanctions on defendants for failing to provide the Notice of Right to Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge ("Consent Form"), in violation of 28 U.S.C. § 1446(a) and Local Rule 72.1(c)(1)-(2). (ECF No. 17.) Defendants filed a response on November 9, 2022, arguing that there is no basis for sanctions because neither § 1446(a) nor Rule 72.1(c)(1)-(2) creates a duty for defendants to serve the Consent Form. (ECF No. 19.)

## II.   PROPOSED CONCLUSIONS OF LAW

Federal district courts have at least three sources of authority to impose sanctions. The first is rule based (Federal Rules of Civil Procedure 11 and 37), the second is statutory (28 U.S.C. § 1927), and the third is the court's inherent authority.

United States v. Scherer, No. 2:19-cv-03634, 2022 WL 16925825, at *4 (S.D. Ohio Nov. 14, 2022). Rule 11 sanctions are warranted for frivolous or improper pleadings, motions, or papers, while Federal Rule of Civil Procedure 37(b) authorizes sanctions for a party's failure to obey an order requiring discovery. Id. (citing Merritt v. Int'l Ass'n of Machinists & Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010)). Section 1927 sanctions are appropriate when an attorney is "unreasonably and vexatiously multiplying the proceedings even in the absence of any 'conscious impropriety.'" Hall v. Liberty Life Assurance Co., 595 F.3d 270, 275 (6th Cir. 2010) (quoting Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 396 (6th Cir. 2009)). Additionally, "the court may impose sanctions pursuant to its inherent power 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Gibson v. Solideal USA, Inc., 489 F. App'x 24, 31 (6th Cir. 2012) (quoting Metz v. Unizan Bank, 655 F.3d 485, 489 (6th Cir. 2011)).

Bascom does not identify the authority pursuant to which she seeks sanctions. Her sole justification for sanctions is defendants' failure to serve plaintiff with the Consent Form. Local Rule 72.1(c)(1) states in relevant part:

> If a civil case, upon filing, is randomly assigned to a district judge as the presiding judge pursuant to Rule 83.8 governing assignment of civil cases, the clerk will provide the plaintiff and/or plaintiff's counsel a

> "Notice, Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge" form ("Consent Form"). The clerk shall also issue or supply at that time, for each defendant in the case, copies of the Consent Form which shall be attached to the summons and thereafter served upon the defendant(s) in the manner provided by Fed. R. Civ. P. 4; provided, however, that a failure to serve a copy of such notice upon any defendant shall not affect the validity of the service of process or the jurisdiction of the court to proceed.

28 U.S.C. § 1446(a) states:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Bascom claims that because she was not served with the Consent Form, defendants should be sanctioned.

Rule 11 sanctions are not applicable because Bascom does not allege defendants filed a frivolous pleading. Further, the procedures necessary to issue Rule 11 sanctions were not followed. See Fed. R. Civ. P. 11(c)(1)(A) (requiring a twenty-one day "safe harbor" period for an offending party to withdraw its motion when a party requests sanctions by motion). Rule 37 sanctions are also not appropriate because Bascom has not alleged defendants have failed to comply with a discovery order. Section 1927 sanctions similarly do not apply because Bascom has not alleged defendants have unreasonably "multipli[ed] the

proceedings." The only possible basis for sanctions is the court's inherent authority.

It is unclear from the face of Local Rule 72.1 whether defendants who are removing a case from state court are required to serve plaintiff with the Consent Form. However, even if they were, a violation of a Local Rule does not constitute the bad faith conduct required for the court to issue sanctions. See Gibson, 489 F. App'x at 31. Finding no legal or factual basis to impose sanctions, the undersigned recommends that the Motion for Sanctions be denied.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion for Sanctions be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 4, 2022
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS**

**MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**