IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

STACEY BASCOM,

    Plaintiff,

v.                                                   Case No. 2:22-cv-2630-MSN-tmp
                                                       JURY DEMAND

CHAWLA HOTELS INC., et al.,

    Defendants.

---

**ORDER ADOPTING (ECF NO. 15) REPORT AND RECOMMENDATION AND
ORDER ADOPTING (ECF NO. 20) REPORT AND RECOMMENDATION**

---

Before the Court are the following: (1) Defendants' Motion for Judgment on the Pleadings and Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF No. 6, "Motion to Dismiss"); (2) Plaintiff's Motion to Remand Case to State Court for Lack of Jurisdiction (ECF No. 8, "Motion to Remand"); (3) Chief Magistrate Judge Pham's Report and Recommendation (ECF No. 15, "First Report") recommending that Plaintiff's Motion to Remand be granted and that Defendants' Motion to Dismiss be denied without prejudice as moot; (4) Plaintiff's Motion for Sanction of Defendants' Counsel for Failure to Provide Notice of and Right to Consent to Jurisdiction by Magistrate Judge as Mandated by Local Rule 72.1 and 28 U.S.C. § 1446(a) and Request for Judgment on This Pleading (ECF No. 17, "Motion for Sanctions"); and (5) Chief Magistrate Judge Pham's Report and Recommendation (ECF No. 20, "Second Report") recommending that Plaintiff's Motion for Sanctions be denied.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

2

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## I. FIRST REPORT

The First Report was entered on October 19, 2022 (*see* ECF No. 15 at PageID 113). Defendants timely filed their objections to the First Report on November 1, 2022 (*see* ECF No. 16). Plaintiff did not file objections to the First Report or respond to Defendants' objections, and the time for doing so has expired.

Defendants' objections generally repeat the same arguments made to the Chief Magistrate Judge. The only specific objection to the First Report's proposed findings of fact or conclusions of law relates to a demand letter that Plaintiff's husband, Richard Bascom ("Mr. Bascom"), sent prior to this litigation. (*See* ECF No. 16 at PageID 115.) The First Report reviewed this demand letter in the proposed conclusions of law and noted that although Mr. Bascom wrote it using his law firm's letterhead, it did not state that he was writing it as Plaintiff's attorney or on her behalf. (*See* ECF No. 15 at PageID 106.) In addition, the First Report later notes that Mr. Bascom's demand letter does not state it was written in a representative capacity or that Plaintiff had approved the demand letter. (*See id.* at PageID 112.)

In their objections, Defendants include language from the letter with emphasis added to the pronouns and argue that "[t]he active pronouns used by [Mr.] Bascom in his demand explicitly show he was writing in a representative capacity not just for himself, but also the Plaintiff." (ECF No. 16 at PageID 115.)

However, the First Report's recommendation to grant Plaintiff's Motion to Remand was not solely based on whether the demand letter was written in a representative capacity. Instead,

this was merely one fact the Chief Magistrate Judge considered when he analyzed whether the demand letter established, by a preponderance of the evidence, that the jurisdictional amount in controversy was met. (*See id.*)

This Court agrees that the pronouns in the demand letter may indicate that Mr. Bascom wrote the letter in *some* representative capacity. Nevertheless, the First Report correctly notes that the demand letter does not explicitly state that it was written by Mr. Bascom *as Plaintiff's attorney*. The pronouns used are consistent with Mr. Bascom writing the letter in his capacity as Plaintiff's husband and fellow victim of Mr. Chawla's luggage thefts. However, even if the Court construes the demand letter to have been written by Mr. Bascom as Plaintiff's attorney and with her approval, that is not enough by itself to find that Defendants satisfied their burden.

Defendants cite *Hunt as Next Friend of D.W. v. Frank*, No. 1:20-cv-00035-GNS, 2020 WL 1816065 (W.D. Ky. Apr. 9, 2020) for their argument that Mr. Bascom's demand letter shows the amount in controversy requirement is met. (*See* ECF No. 16 at PageID 114–15.) Defendants, however, do little more than provide the basic facts of *Hunt* and do not provide any specific argument about why this Court should find *Hunt* more persuasive than other cases that reached the opposite conclusion of *Hunt*. *See, e.g.*, *Combs v. Davey Tree Expert Co.*, Civil Action No. 21-79-DLB, 2022 WL 988363, at *2–3 (E.D. Ky. Mar. 31, 2022); *Reynolds v. Wal-Mart Stores East, Limited Partnership*, Civil Action No. 5:17-497-DCR, 2018 WL 715379, at *2–3 (E.D. Ky. Feb. 5, 2018); *Nokes v. Petsmart, Inc.*, No. 1:09-CV-00194, 2009 WL 10722467, at *5 (N.D. Ohio Apr. 23, 2009). In the Report, Chief Magistrate Judge Pham acknowledged that some courts held demand letters were enough to establish that the amount in controversy requirement was satisfied and specifically cited *Hunt*. (*See* ECF No. 15 at PageID 111 (citing *Hunt*, 2020 WL 1816065, at *2).) *Hunt* involved a car accident in which the defendant allegedly ran a stop sign and collided

4

with another vehicle. 2020 WL 1816056, at *1. One of the passengers in that other vehicle was a minor, D.W., who was injured in the accident and was transported to the hospital for treatment. *Id.* D.W.'s medical expenses from the accident were nearly $25,000. *Id.* The final pre-suit demand letter in *Hunt* sought $79,250. *Id.* The court noted that the plaintiff sought compensatory and punitive damages and that even using a punitive-compensatory damages ratio of only 3:1 could easily push the amount in controversy over the $75,000 threshold. *Id.* at *2.

The complaint in this matter seeks damages arising from the theft of a single suitcase. The stolen suitcase contained a "very big beautifully colored conch shell," which Plaintiff alleges was her "most prized possession from all of her vacations." (ECF No. 11-1 at PageID 43–44.) The lifted luggage also contained unspecified "personal items" that Plaintiff did "not want anyone other than her husband to see . . . [or] touch." (ECF No. 11-1 at PageID 44.) Plaintiff's suitcase was recovered four days after it was stolen, and the complaint does not seek to recover the value of the conch shell or personal items. Instead, Plaintiff asserts claims for intentional infliction of emotional distress and invasion of privacy "because she has continued thoughts of a stranger going through her private items and mutilating her undergarments." (*See id.* at PageID 43–46.) She seeks medical and related expenses, general damages, punitive damages, interest,[1] and attorneys' fees.[2] (*See id.* at PageID 46.)

---

[1] Of course, interest and costs may not be considered when determining the amount in controversy. 28 U.S.C. § 1332(a).

[2] Unless provided by contract or statute, attorneys' fees are generally not included in determining the amount in controversy. *See Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 474 (6th Cir. 2019).

5

In contrast with *Hunt*, Plaintiff has not specified the amount of her medical and related expenses, and there are only mental and emotional injuries alleged here.[3] The facts alleged in the complaint do not suggest that Plaintiff's recovery is likely to be greater than $75,000 if she is successful, despite the $250,000 demand set forth in Mr. Bascom's letter.[4] On a *de novo* review, this Court agrees with Chief Magistrate Judge Pham that Defendants have not shown it is more likely than not that the amount in controversy exceeds $75,000. Accordingly, Defendants' objections (ECF No. 16) are **OVERRULED**, and the Court **ADOPTS** the First Report (ECF No. 15) in its entirety.

## II.    SECOND REPORT

The Second Report was entered on January 4, 2023 (*see* ECF No. 20 at PageID 155). The Second Report recommends that Plaintiff's Motion for Sanctions (ECF No. 17) be denied. To date, no objections to the Second Report have been filed and the time for doing so has expired. The Court has reviewed the Second Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Second Report (ECF No. 20) in its entirety.

## CONCLUSION

For the reasons set forth above, it is **ORDERED** as follows:

1.    The Second Report (ECF No. 20) is **ADOPTED** in its entirety, and Plaintiff's Motion for Sanctions (ECF No. 17) is **DENIED**;

---

[3] The Court acknowledges that Plaintiff is seeking punitive damages here, which is factor that several courts have found determinative in finding the jurisdictional threshold to have been met. *See, e.g., Caperton v. State Auto Prop. & Cas. Ins. Co.*, No. 6:22-CV-101-CHB-HAI, 2022 WL 17813795, at *5 (E.D. Ky. July 5, 2022); *Hunt*, 2020 WL 1816056, at *2–3. These cases are distinguishable, however, because specific amounts of compensatory damages were alleged, which allowed the courts to estimate the plaintiffs' potential punitive damages. No such amounts are available here.

[4] The demand letter also does not include a specific break down of damages or otherwise explain the basis for the $250,000 demand.

2.	Defendants' objections (ECF No. 16) to the First Report are **OVERRULED**; the First Report is **ADOPTED** in its entirety; Plaintiff's Motion to Remand is **GRANTED**; and Defendant's Motion to Dismiss is **DENIED WITHOUT PREJUDICE AS MOOT**; and

3.	This matter is **REMANDED** to the Circuit Court of Shelby County, Tennessee.

**IT IS SO ORDERED**, this 13th day of February, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE